**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HELBERTH CABRERA, on behalf of himself,
FLSA Collective Plaintiffs, and the Class,

Plaintiff,

-against-

ATLANTIC INSTALLERS, LLC, and HERMES WILFREDO HERNANDEZ LEIVA,

Defendants.

---

Case No. 26-cv-05195-ALC (ALC)

**ANSWER AND DEFENSES**

Defendants Atlantic Installers. ("Atlantic") and Hermes Wilfredo Hernandez Leiva, ("Hermes") (collectively "Defendants"), by their undersigned counsel, respond to the Complaint (ECF Doc. No. 1), as follows:

## INTRODUCTION

1. Defendants deny any wrongdoing as set forth in Paragraph "1" of the Complaint.
2. Defendants deny any wrongdoing as set forth in Paragraph "2" of the Complaint.
3. Defendants deny any wrongdoing as set forth in Paragraph "3" of the Complaint.
4. Defendants deny any wrongdoing as set forth in Paragraph "4" of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph "5" of the Complaint states a legal conclusion for which Defendant cannot admit or deny and, therefore, denies the allegations.
6. Paragraph "6" of the Complaint states a legal conclusion for which Defendant cannot admit or deny and, therefore, denies the allegations.

## PARTIES

7. Defendants admit that they employed Plaintiff from June 2025 through October 2025, but lack sufficient knowledge or belief to admit or deny the remaining allegations

set forth in Paragraph "7" of the Complaint.

8. Defendants admit the allegations set forth in Paragraph "8" of the Complaint.

9. Defendants admit the allegations set forth in Paragraph "9" of the Complaint.

10. Defendants admit the allegations set forth in Paragraph "10" of the Complaint.

11. Paragraph "11" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

12. Paragraph "12" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

13. Defendants deny any wrongdoing as set forth in Paragraph "13" of the Complaint.

14. Defendants deny any wrongdoing as set forth in Paragraph "14" of the Complaint.

15. Paragraph "15" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

**RULE 23 CLASS ALLEGATIONS- NEW YORK**

16. Defendants deny any wrongdoing as set forth in Paragraph "16" of the Complaint.

17. Defendants deny any wrongdoing as set forth in Paragraph "17" of the Complaint.

18. Defendants deny any wrongdoing as set forth in Paragraph "18" of the Complaint.

19. Defendants deny any wrongdoing as set forth in Paragraph "19" of the Complaint.

20. Defendants deny any wrongdoing as set forth in Paragraph "20" of the Complaint.

21. Paragraph "21" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

22. Defendants deny any wrongdoing as set forth in Paragraph "22" of the Complaint.

23. Paragraph “23” of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

## STATEMENT OF FACTS

*Plaintiff’s Employment Background*

24. Defendants admit the allegations set forth in Paragraph “24” of the Complaint.

25. Defendants deny the allegations set forth in Paragraph “25” of the Complaint.

26. Defendants admit the allegations set forth in Paragraph “26” of the Complaint.

*Unpaid Overtime Premiums Claim*

27. Defendants deny the allegations set forth in Paragraph “27” of the Complaint.

28. Defendants deny the allegations set forth in Paragraph “28” of the Complaint.

*Improper Rounding Claim*

29. Defendants deny the allegations set forth in Paragraph “29” of the Complaint.

*Breach of Contract and Unjust Enrichment Claims*

30. Paragraph “30” of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

31. Defendants deny the allegations set forth in Paragraph “31” of the Complaint.

32. Defendants deny the allegations set forth in Paragraph “32” of the Complaint.

33. Defendants deny the allegations set forth in Paragraph “33” of the Complaint.

34. Paragraph “34” of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

35. Defendants deny the allegations set forth in Paragraph “35” of the Complaint.

36. Defendants deny the allegations set forth in Paragraph “36” of the Complaint.

37. Defendants deny the allegations set forth in Paragraph “37” of the Complaint.

38. Defendants deny the allegations set forth in Paragraph “38” of the Complaint.

39. Paragraph "39" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants lack sufficient knowledge or belief to admit or deny the allegations set forth in Paragraph "44" of the Complaint.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACTON
### ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

45. Defendants incorporate all prior responses to the preceding paragraphs as though set forth in full herein.

46. Paragraph "46" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

47. Paragraph "47" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants admit the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**
**ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

56. Defendants incorporate all prior responses to the preceding paragraphs as though set forth in full herein.

57. Paragraph "57" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

**COUNT III**

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)**

64. Defendants incorporate all prior responses to the preceding paragraphs as though set forth in full herein.

65. Paragraph "65" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

66. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

## COUNT IV

## BREACH OF CONTRACT

69. Defendants incorporate all prior responses to the preceding paragraphs as though set forth in full herein.

70. Paragraph "70" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

71. Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

## COUNT V

## UNJUST ENRICHMENT

72. Defendants incorporate all prior responses to the preceding paragraphs as though set forth in full herein.

73. Paragraph "73" of the Complaint states a legal conclusion for which Defendants cannot admit or deny and, therefore, denies the allegations.

74. Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief and hereby request that Plaintiff's claims be dismissed in their entirety, with attorney's fees, costs, and expenses, and with such other and further relief as this court may deem just and proper.

## JURY DEMAND

Defendants deny there is a case to be tried by jury.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## GENERAL DENIAL

Defendants deny each and every allegation not expressly admitted and assert the following defenses without assuming any burden not otherwise imposed by law.

## FIRST DEFENSE

The Complaint, and each purported cause of action therein, fails, in whole or in part, to state facts sufficient to constitute a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of equitable estoppel, judicial estoppel, and/or promissory estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches to the extent applicable.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

Any recovery must be reduced by monies already paid, credits owed, offsets, recoupment, setoff, and all other sums legally available to Defendant.

## EIGHTH DEFENSE

Plaintiff failed to mitigate his alleged damages.

**NINTH DEFENSE**

Plaintiff cannot establish the existence of a valid and enforceable contract, including mutual assent, consideration, definite terms, or authority to bind the parties.

**TENTH DEFENSE**

Defendants performed all obligations required under any enforceable agreement.

**ELEVENTH DEFENSE**

Any alleged nonperformance by Defendants was excused by Plaintiff's prior material breach.

**TWELFTH DEFENSE**

With respect to one or more of Plaintiff's claims, Plaintiff has suffered no recoverable damages caused by any conduct of Defendants.

**THIRTEENTH DEFENSE**

Plaintiff's unjust enrichment claim is barred to the extent the Parties entered into an enforceable agreement.

**FOURTEENTH DEFENSE**

Defendants did not receive or retain any benefit under circumstances rendering retention unjust.

**FIFTEENTH DEFENSE**

Plaintiff received all compensation, wages, commissions, and overtime compensation to which he was legally entitled.

**SIXTEENTH DEFENSE**

Plaintiff's claims under the Fair Labor Standards Act are barred because Plaintiff is not subject to individual coverage under the Act.

**SEVENTEENTH DEFENSE**

Plaintiff's claims under the Fair Labor Standards Act are barred because Defendants are not

subject to enterprise coverage under the Act.

**EIGHTEENTH DEFENSE**

If any of the unlawful acts and omissions alleged in the Complaint were engaged in by Defendants, which Defendants vigorously deny, they did not engage in such acts or omissions knowingly, intentionally or willfully, and therefore, Plaintiff's claims for liquidated damages are barred.

**NINETEENTH DEFENSE**

Plaintiff's claims against Individual Defendant Hermes Leiva are barred because Leiva did not exercise significant control over the terms and conditions of Plaintiff's work.

**TWENTIETH DEFENSE**

Defendants acted in good faith and with objectively reasonable grounds for believing their compensation practices complied with the FLSA, thereby precluding liquidated damages pursuant to 29 U.S.C. § 260.

**TWENTY-FIRST DEFENSE**

Defendants substantially complied with all applicable provisions of the New York Labor Law.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are not suitable for class treatment.

**TWENTY-THIRD DEFENSE**

Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendants demands judgement dismissing the Complaint in its entirety, and request that the Court grant Defendants their costs, attorneys' fees, and such other and further relief as the Court deems

just and proper.

Dated: August 24, 2026

Respectfully submitted,

**SPIRE LAW, PLLC**
400 Fontana Circle Suite 105
Oviedo, FL 327655

By: /s/ *Ian E. Smith*
Ian E. Smith
ian@spirelawfirm.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Ian E. Smith*
Attorney