# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT: (212) 465-1188
cklee@leelitigation.com


**Via ECF** November 4, 2026

The Honorable Henry J. Ricardo, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *Cabrera v. Atlantic Installers, LLC et al.*
Case No. 1:26-cv-05195

Dear Judge Ricardo:

We represent Plaintiff in the above-captioned action. Pursuant to Rule II(B) of the Court's Individual Practices, we write regarding the parties' dispute concerning the temporal scope of the proposed Electronic Discovery Protocol (ESI Protocol) and Defendants' failure to designate a corporate representative for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

*I. The temporal scope of the proposed ESI Protocol*

Pursuant to the Court's Order dated October 13, 2026, the parties were required to have an electronic discovery protocol in place by October 31, 2026. Accordingly, Plaintiff drafted and provided Defendants' counsel with a proposed ESI Protocol. Defendants' counsel objected to the "Production Time Period" of June 19, 2020, through June 19, 2026, set forth in the proposed ESI Protocol, and sought to the Production Time Period to Plaintiff's period of employment only.

On November 2, 2026, at 1:00 p.m., the parties participated in a telephone meet-and-confer conference lasting approximately thirty (30) minutes to discuss the above disagreement concerning the "Production Time Period" provision of the ESI Protocol. However, the conference did not result in a resolution. Subsequent correspondence between counsel with revisions to the ESI Protocol likewise failed to resolve the dispute.

Plaintiff filed a class action lawsuit and intends to file a motion for class certification subject to class discovery that would support or disprove the class claims. Plaintiff's intent to seek class certification is also reflected in the Court's Scheduling Order dated October 13, 2026 (Dkt. No. 22). Accordingly, the proposed class period was relevant to the scope of ESI discovery. Defendants' counsel, in turn, asserted that, because the Class had not yet been certified, the Production Time Period should be limited to Plaintiff's individual period of employment. On the same day, Plaintiff's counsel informed Defendants' counsel that Plaintiff intended to seek the Court's intervention to resolve the dispute.

***Relevance of the Six-Year Production Period to Plaintiff's NYLL Claims***

Plaintiff's NYLL claims are subject to a six-year statute of limitations pursuant to N.Y. Labor Law §§ 198(3) and 663(3). Accordingly, the proposed Production Time Period of June 19, 2020, through June 19, 2026, corresponds to the six-year limitations period applicable to Plaintiff's NYLL claims. Limiting ESI production to Plaintiff's individual employment period would potentially exclude relevant information concerning Defendants' employment and compensation practices affecting other potential class members during the applicable limitations period.

***Necessity of Pre-Certification and Collective Action Discovery***

Defendants argue Plaintiff has not yet moved for class certification. However, such discovery is necessary to develop the factual record supporting Plaintiff's anticipated motion for class certification under Federal Rules of Civil Procedure 23. Similarly, discovery concerning Defendants' compensation policies, timekeeping procedures, overtime calculations, and treatment of similarly situated employees is relevant to Plaintiff's FLSA claims and anticipated motion for conditional certification under 29 U.S.C. § 216(b). Accordingly, restricting ESI production to Plaintiff's individual employment period would improperly limit Plaintiff's ability to obtain information necessary to pursue both the NYLL class claims and FLSA collective action claims.

***Evidence of Wage Violations in Plaintiff's Existing Employment Records***

As an initial matter, e-discovery for the Class period is particularly important in this case as Defendants' documents for Plaintiff already demonstrate substantial evidence of wage violations. For example, records in Plaintiff's possession clearly show that Plaintiff was compensated for overtime hours at an incorrect overtime rate of $21.00 and had his hours rounded. *See* **Exhibit 1**, checks received by Plaintiff.

The ESI for the six-year period will demonstrate that other employees were subject to the same management and policies. It will therefore show Class Members were all compensated at improper overtime rates and subjected to Defendants' improper rounding, consistent with the practices evident in Plaintiff's records. Moreover, there is no reason that Plaintiff should be treated differently from other employees, the ESI production for the Class period is appropriate.

***Legal Standard***

Plaintiff notes that Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. Aug. 3, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.,* No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to also seek Rule 23 class certification, and the Second

> Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met."

*See also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc.*, 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007).

*II. Defendants' failure to designate a corporate representative*

During the November 2, 2026 meet-and-confer, Defendants' counsel represented that he would provide Plaintiff, by November 3, 2026, with information regarding the Corporate Defendant's designated Rule 30(b)(6) witness. However, to date, Defendants have neither provided such information nor designated a witness. Defendants should promptly designate a Rule 30(b)(6) witness so that Plaintiff may obtain relevant information concerning the Corporate Defendant's knowledge, policies, and conduct, and proceed with discovery without further delay or prejudice to Plaintiff.

* * *

Accordingly, Plaintiff respectfully requests that the Court:

Resolve the parties' dispute concerning Paragraph 3 of the proposed ESI Protocol and direct that the ESI Protocol, attached hereto as **Exhibit 2**, incorporate Plaintiff's version of the disputed Paragraph 3; and

Compel Defendants to designate a Rule 30(b)(6) witness for the Corporate Defendant no later than November 6, 2026.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF