# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HELBERTH CABRERA , *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

Plaintiff,

v.

ATLANTIC INSTALLERS, LLC, and
HERMES WILFREDO HERNANDEZ LEIVA,

Defendants.

**Case No.**: 1:26-cv-05195

# ESI PROTOCOL

Plaintiff HELBERTH CABRERA ("Plaintiff") and Defendants ATLANTIC INSTALLERS, LLC, and HERMES WILFREDO HERNANDEZ LEIVA ("Defendants") (collectively, the parties), by and through their respective attorneys, hereby agree to the following protocol (the "Protocol") for the search and production of electronically stored information ("ESI"). Nothing in this Protocol shall limit a party's right to seek or object to discovery as set out in applicable rules.

## A. General

The Parties agree that it is their respective obligations to use diligent efforts to search for all documents in their possession, custody, and control which are or may be responsive to discovery requests, and that obligation extends to documents and information which is electronically stored, including but not limited to, emails, text messages, hard drives, desktops, social media accounts, and information contained in content management systems.

1. Application. The procedures set forth in this Protocol shall govern the production of "documents" and "electronically stored information" as those terms are used in the Federal Rules of Civil Procedure (including Rule 34) or applicable Local or Individual Rules that are stored in electronic format, including paper documents that have been converted to an electronic format ("Data"), in the above-captioned civil action (this "Litigation"). In connection with specific discovery requests, the application of this Protocol shall include production of information from back-up media. In addition, in the event that any Party identifies a particular source of responsive documents or ESI for which application of this Protocol would be unduly burdensome or impractical (e.g., Data for which word searches would be impossible or otherwise impractical), the Party identifying the source will promptly notify the other Party and the Parties will meet and confer concerning appropriate modifications of this Protocol with respect to that source.

2. Reservation of Rights. Nothing in this Protocol is intended to obligate the Parties beyond that which is required under the Federal Rules of Civil Procedure or applicable Local or Individual Rules. Each Party reserves the right to object to discovery of Data under such rules, including as it relates to format of production.

3. Production Time Period.

Plaintiff's version: Unless otherwise noted, the Parties agree that the "Production Time Period" shall be June 19, 2020 through June 19, 2026.

Defendants' version: Unless otherwise noted, the Parties agree that the "Production Time Period" shall be June 1, 2025 through October 31, 2025. Subject to the Court's entry of an Order certifying a class under the FLSA, the production time period will be enlarged to June 20, 2023 - June 19, 2026. Furthermore, should the Court, enter an Order certifying a class under the NYLL, the production time period shall be June 20, 2020 - June 19, 2026.

## B. Production

1. Format

The Parties shall produce ESI from their electronic systems in reasonable usable form. The Producing Party shall produce ESI on readily accessible computer or electronic media, including without limitation cloud storage, FTP site, flash drive, CD-ROM, DVD, external hard drive (with standard PC-compatible interface), or such other media as the Parties may agree upon. The Producing Party shall affix a unique identifying label to each piece of ESI, which shall identify the sequence of the material in that production (e.g., "DF 000001 – DF 000010").

Unless otherwise agreed upon, the Parties shall produce email and other electronic documents in searchable PDFs or in native format.

The Parties may use software to identify duplicate documents that are in the files of individual or multiple Custodians. If a duplicate document exists in the files of individual or multiple Custodians and that document is responsive and non-privileged, the producing Party shall only be required to produce one copy of the document. If there is any handwriting or other alteration of a document, it shall not be considered a duplicate under this provision. If the producing Party becomes aware of any file that was incorrectly filtered during the de-duplication process, the producing Party shall promptly produce the document to the requesting Party. In addition, because of the de-duplication procedure, the Parties recognize that a privileged document may only be logged one time, even though it may exist in the files of multiple production Custodians. This de-duplication process is intended as a cost-saving measure.

2. Assertions of Privilege or Other Protections. Consistent with the Federal Rules of Civil Procedure, Rules of Evidence, the Local Rules, which are incorporated by reference herein, the Parties may withhold any otherwise relevant documents from production under applicable privilege or other protections, and shall produce a log of such withheld documents consistent with

Federal Rule of Civil Procedure 26(b)(5). The Parties further agree and acknowledge that, to the extent that Defendants will assert privilege over a large volume of ESI for the Custodians identified under Section C.1 below, Defendants may identify withheld ESI or documents by identifying categories rather than individual documents (*e.g.*, “All documents involving legal advice and attorney work product for the litigation titled *Cabrera v. Atlantic Installers, LLC et al*, filed in S.D.N.Y. Case No. 1:26-cv-05195”). The Parties agree and acknowledge that the inadvertent production of privileged or protected information does not constitute a waiver of privilege or other protections.

**C. Searches and Parameters**

1. Defendants’ Search of ESI in Their Custody. Defendants shall conduct a search of their email system, including folders such as inbox, sent, drafts, deleted, and calendar, using the Boolean search terms detailed in Plaintiff’s First Request for Production of Documents, during the Production Time Period, for the following custodians:

a. Hermes Wilfredo Hernandez Leiva
b. Executive officers of Defendants
c. Defendants’ HR personnel
d. Custodians identified by Defendants
e. Plaintiff’s supervisors or managers
f. Others TBD

**2.** Treatment of “Hits” The fact that any electronic file has been identified as having a “hit” from the search terms shall not prevent any Party from withholding such file and/or entire families from production on the grounds that the file and/or entire families are not responsive to any Discovery Request, that it is protected from disclosure by applicable privilege or immunity, that it is governed applicable privacy laws or regulations, or that other grounds allows the file to be withheld. Defendants shall provide a preliminary hit report by November 9, 2026, to determine whether the parameters listed in Plaintiff’s First Request for Production of Documents are overbroad and/or contain irrelevant documents (*e.g.*, false positive results), and will work together in good faith to reasonably exclude any overbroad or irrelevant search terms from further review and production.

For the Plaintiff:

By: ___________________________________

C.K. Lee, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, New York 10011
Tel.: (212) 465-1188
Email: cklee@leelitigation.com

Date: ___________________________

For the Defendants:

By: ______________________________

Ian E. Smith, Esq.
Spire Law PLLC
136 Madison Ave Suite 600
New York, NY 10016
Tel.: (212) 335-0018
Email: ian@spirelawfirm.com

Date: _______________________________